UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUIVEST, LLC., an Illinois )
Limited Liability Company, )
)
Plaintiff, )
)
v. )
)
THE VILLAGE OF BRIDGEVIEW, an Illinois )
Municipal Corporation, STEVEN M. LANDEK, )
WAYNE F. GRABINSKI, NORMA J. PINION, )
JAMES A. CECOTT and MICHAEL J. PTICEK, )
)
Defendants. )

# 04C 1308

Plaintiff Demands Trial By Jury

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, EQUIVEST, LLC. ("EQUIVEST"), complaining of Defendants VILLAGE OF

BRIDGEVIEW, an Illinois Municipal Corporation ("BRIDGEVIEW"), STEVEN M. LANDEK,

WAYNE F. GRABINSKI, NORMA J. PINION, JAMES A. CECOTT and MICHAEL J.

PTICEK, alleges as follows:

### INTRODUCTION

This case results from an attempt by local municipal officials' misuse of their power to

censor speech and other expressive with which they disagree. Defendants have imposed an

unconstitutional prior restraint on the dissemination of erotic speech through the BRIDGEVIEW

licensing and zoning ordinances in violation of the First Amendment to the United States

Constitution. Accordingly, Plaintiff EQUIVEST seeks Injunctive, Declaratory and Monetary

Relief from this Court.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff EQUIVEST is a limited liability company organized under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois.

2.      Plaintiff EQUIVEST desires to have its property used for the purpose of operating a cabaret and retail sales within the Village of BRIDGEVIEW, including the presentation of constitutionally protected erotic entertainment, as well as the incidental sale of erotic CDs, books, magazines and novelties.

3.      Defendant BRIDGEVIEW is a Village organized under the laws of the State of Illinois and is located in Cook County, Illinois. STEVEN M. LANDEK is the duly elected President of BRIDGEVIEW. Defendants WAYNE F. GRABINSKI, NORMA J. PINION, JAMES A. CECOTT and MICHAEL J. PTICEK are duly elected trustees of BRIDGEVIEW.

4.      The acts of these employees and agents were done under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant BRIDGEVIEW, and its divisions, pursuant to the official custom, habit, or policy of Defendant BRIDGEVIEW, under color of its authority granted to it by the laws of the State of Illinois.

5.      This Court has jurisdiction over the claims raised herein pursuant to 28 U.S.C. 1331, 1343 and 42 U.S.C. 1983, and 1988.

6.      Venue is appropriate in the Northern District of Illinois, Eastern Division, since the acts complained of occurred within that District and Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff EQUIVEST owns a parcel of commercial real estate located at 7421 West 100th Place in BRIDGEVIEW, Illinois.

8.     Plaintiff has verified that the property is located in a zoning district which allows adult entertainment.

9.     On or about January 13, 2004, EQUIVEST submitted an application for Zoning Hearing for the purpose: "To obtain a special use permit to allow an adult book, video and apparel store and an adult entertainment cabaret, which are classified as an Adult Use pursuant to Section 14 of the Village of BRIDGEVIEW Zoning Ordinance, and a restaurant" on the premises owned by it as described above. A copy of that application is attached as Exhibit "A" and incorporated by reference herein.

10.    On February 3, 2004, a public hearing was held on the request for a special use permit by Plaintiff by the Village of BRIDGEVIEW Planning and Zoning Commission.

11.    Based on that hearing, the Village of BRIDGEVIEW Planning and Zoning Commission issued a recommendation to the BRIDGEVIEW Board of Trustees that Plaintiff's application for a Special Use permit to operate the business which it described in its application be granted.

12.    Despite the recommendation of the Zoning Board, on February 18, 2004, the BRIDGEVIEW Board of Trustees denied Plaintiff's application for a Special Use Permit for the operation of a business offering adult entertainment at the premises owned by it.

13.    Each of the individual defendants herein participated in the action of the Board of Trustees in denying the Special Use Permit sought by Plaintiff. Each of those individuals is sued herein in their individual capacity as a result of their personal participation in causing the Village

3

of BRIDGEVIEW to enforce its ordinances in such a way as to deprive Plaintiff of its right to operate its lawful business at the premises owned by Plaintiff.

14. Plaintiff is entitled to the issuance of the Special Use Permit under the ordinances of the Village of BRIDGEVIEW and none of the Defendants recited any legitimate reason under the provisions of that Ordinance as a reason to deny Plaintiff's application for that Special Use Permit.

15. The sole reason for the refusal of the Board of Trustees of Defendant BRIDGEVIEW to grant the Special Use Permit sought by Plaintiff was because of Defendants' hostility to the speech in which Plaintiff seeks to engage, i.e., adult entertainment.

16. No lawful reason has been given to Plaintiff by Defendant BRIDGEVIEW for the denial of the Special Use Permit which Plaintiff sought.

17. Defendant BRIDGEVIEW has enacted a Zoning Ordinance regulating Adult Uses. A copy of the codified adult use Ordinance (hereinafter the "Ordinance") is attached as Exhibit "B" and incorporated herein. This Ordinance sets forth the zoning and licensing requirements for adult uses, including the use sought by Plaintiff.

18. Specifically, it is made unlawful to establish an adult use without first obtaining a special use permit, even in those zoned areas in which such uses are permitted.

19. A special use permit may be granted only by the Board of Trustees. The provisions of the BRIDGEVIEW Zoning Ordinance insofar as it relates to special use permits is attached hereto as Exhibit "C" and incorporated herein.

20. Defendants are allowed to consider various different standards contained in the Zoning Ordinance, including whether the use will have a "substantial injury to the value of other property in the neighborhood."

4

21.     However, nothing in the ordinance requires the Board of Trustees to make specific

findings or state specific reasons for their decision in voting upon an application for a Special

Use Permit such as that sought by Plaintiff.

22.     The Board of Trustees may impose additional conditions and restrictions upon the

location, construction, design and operation of a special use as they shall respectively find

"necessary to assure compliance with the above standards, to reduce or minimize the effect of

such permit upon other properties in the neighborhood, and to better carry out the general intent

of this ordinance." There is no limitation whatsoever upon the conditions which may be

imposed under this ordinance.

23.     While the Ordinance requires the Planning and Zoning Commission to hold a hearing not

more than 60 days after the filing of an application for a special use permit, and further requires

the Planning and Zoning Commission to issue its report within 60 days after the close of the

hearing, there exists no time limits whatsoever within which Board of Trustees of Defendant

BRIDGEVIEW must act upon the recommendation of the Planning and Zoning Commission,

and no time frame within which a decision must be made, and the Zoning Ordinance provides no

mechanism for judicial review of the decision of the Board of Trustees should it deny the permit

for a special use.

24.     Defendant BRIDGEVIEW does not allow adult use establishments to exist anywhere

within the Village as a matter of right.

25.     Defendants have refused to grant EQUIVEST a special use permit for the reason that

they wish to suppress and prohibit the kind of entertainment Plaintiff wishes to make available to

willing adults, which is a content-based prohibition against certain kinds of speech specifically

forbidden by the First Amendment.

5

26.     Defendant BRIDGEVIEW's licensing and zoning procedures are unconstitutional in that they have not provided Plaintiff with any alternate avenues of expression, nor do they comply with the constitutional requirement that they be given a prompt hearing, prompt notice and prompt judicial review.

27.     Defendant BRIDGEVIEW's licensing and zoning procedures are also unconstitutional because they grant to its Board of Trustees unbridled discretion in granting or denying special use permits for adult businesses such as that sought to be operated by Plaintiff.

28.     Plaintiff EQUIVEST has hired the undersigned attorneys, and is obligated to pay said attorneys reasonable attorney's fees and is being prevented from using its property in the manner in which it lawfully wishes to do, which is causing it monetary damages each day Plaintiff is prevented from operating its business.

## LEGAL ALLEGATIONS

29.     All actions referenced above and taken by Defendant BRIDGEVIEW were under the color of the laws of the state of Illinois.

30.     The right to disseminate adult-oriented literature and media and offer adult-oriented entertainment is protected by the First and Fourteenth Amendments to the United States Constitution.

31.     Defendant BRIDGEVIEW's licensing and zoning ordinances applicable to adult uses constitute a prior restraint on free speech.

32.     Defendant BRIDGEVIEW's ordinances applicable to adult uses do not provide the essential procedural safeguards required by the United States Supreme Court for the protection of speech.

6

33.     The conditions and standards which can be imposed on the issuance of a special exception for an adult use are vague, and vest unbridled discretion in Village officials whether to grant or deny a license.

34.     Defendant BRIDGEVIEW's licensing/permitting procedure for adult uses fails to require the granting or denial of a license within a specified, brief time period.

35.     Defendant BRIDGEVIEW's licensing/permitting procedure for adult uses fails to provide for prompt judicial review.

36.     Defendant BRIDGEVIEW's definition of an "adult bookstore" being based upon "a substantial or significant portion of its sales or stock in trade . . . or with a segment or section devoted to the sale or display or such [adult] materials . . ." is vague and substantially overbroad.

37.     Defendant BRIDGEVIEW's licensing/permitting procedure for adult uses fails to serve a substantial or significant governmental interest, and is not narrowly tailored to serve any such interest.

38.     Defendant BRIDGEVIEW fails to regulate adult communicative businesses by the least restrictive means available.

39.     Defendant BRIDGEVIEW's licensing/permitting procedure constitutes a content-based, prior restraint on free speech.

40.     Defendant BRIDGEVIEW's distance and zoning restrictions for adult uses, as well as the requirement that all adult uses must obtain a special use permit in order to operate fail to provide for adequate alternative avenues of communication.

41.     Defendant BRIDGEVIEW's zoning, licensing and permitting procedures for adult uses are unconstitutional on their face.

7

42.     Defendant BRIDGEVIEW has unconstitutionally applied its building permit and license renewal procedure in such a manner as to deny to Plaintiff EQUIVEST its right to disseminate adult-oriented speech.

43.     The subject ordinances were adopted with a predominately censorial purpose and without any legitimate governmental reason.

44.     The enactment of and application of the subject ordinances violates the First and Fourteenth Amendments to the United States Constitution on their face, and as applied to Plaintiff.

45.     As a result of the actions of Defendants, Plaintiff EQUIVEST is entitled to relief from this court pursuant to 42 U.S.C. 1983.

## COUNT I

### Declaratory Relief

46.     Plaintiff EQUIVEST realleges the allegations contained in Paragraphs 1-45.

47.     This is an action for Declaratory Relief pursuant to 42 U.S.C. 2201 and 2202.

48.     There is an actual, bona fide controversy between Plaintiff EQUIVEST and Defendant BRIDGEVIEW in that Plaintiff EQUIVEST contends that the subject ordinances are unconstitutional on their face, and as applied, in violation of the First and Fourteenth Amendments to the United States Constitution, whereas Defendant BRIDGEVIEW presumably contends that its ordinances and actions are constitutional.

49.     Plaintiff EQUIVEST is unable to use its property for the use it seeks, without fear of prosecution by Defendants for operating such a business in specific contravention of the ordinances of the Village.

8

WHEREFORE, Plaintiff EQUIVEST requests that this Court enter a Declaratory Judgement finding that the subject ordinances are unconstitutional, on their face, and as applied to Plaintiff EQUIVEST, and further award court costs incurred in prosecuting this action including a reasonable attorney's fee pursuant to 42 U.S.C. 1988, and such further relief pursuant to 28 U.S.C. 2202 as this Court may deem appropriate, including requiring issuance of any necessary licenses or permits for Plaintiff EQUIVEST to use its property in the manner it seeks.

## COUNT II

### Injunctive Relief

50.    Plaintiff EQUIVEST realleges the allegations contained in Paragraphs 1-45 inclusive.

51.    This is an action for injunctive relief.

52.    Defendant BRIDGEVIEW has the actual and present ability to continue to enforce the subject Ordinances, and to punish Plaintiff EQUIVEST for the suspected free expression by continuing to deny it a special use permit for the operation of its business.

53.    The mere existence of the prior restraint on free speech causes a chilling effect on protected expression.

54.    Deprivation of First Amendment Rights constitutes irreparable injury, per se.

55.    Any harm to Defendant BRIDGEVIEW resulting from the issuance of an injunction is substantially outweighed by the harm to Plaintiff EQUIVEST caused by the depravation of cherished First Amendment Rights.

56.    It is always in the public interest to protect constitutional freedoms by enjoining unconstitutional laws.

57.    Any legal remedy is per se inadequate when loss of First Amendment rights is

involved.

58.     Injunctive relief is appropriate upon a declaration that a law is unconstitutional.

WHEREFORE, Plaintiff EQUIVEST requests that this Court enter an order enjoining

Defendant BRIDGEVIEW, and its agents and employees, from enforcing its Adult Uses

Ordinance in such a matter so as to prohibit Plaintiff EQUIVEST from engaging in the

dissemination of protected speech, and further award court costs incurred in prosecuting this

action including a reasonable attorney's fee pursuant to 42 U.S.C. 1988.

### COUNT III

### Damages

59.     Plaintiff EQUIVEST realleges the allegations contained in Paragraphs 1-45 inclusive.

60.     Plaintiff has purchased the property owned by it for the primary purpose of offering adult

entertainment.

61.     Defendants' actions in denying Plaintiff a Special Use Permit to operate that business has

deprived Plaintiff of its investment in the property, and has also deprived it of the profits it would

have earned had Plaintiff been able to use its property for the purpose it desires.

62.     Plaintiff has been and will be damaged in the amount of Ten Million Dollars

($10,000,000.00)

WHEREFORE, Plaintiff EQUIVEST requests the Court to enter judgment in its favor

against Defendants VILLAGE OF BRIDGEVIEW, an Illinois Municipal Corporation

("BRIDGEVIEW"), STEVEN M. LANDEK, WAYNE F. GRABINSKI, NORMA J. PINION,

JAMES A. CECOTT, and MICHAEL J. PTICEK in the amount of Ten Million Dollars

($10,000,000.00), plus costs, including attorneys fees as authorized by 42 U.S.C. 1988, and its

costs of suit herein.

DATED THIS _19th_ day of February, 2004

Wayne B. Giampietro

Wayne B. Giampietro, Bar No.0947776
Stephen G. Daday, Bar No 3127015
Michael G. Aretos, Bar No.6200044

Of Counsel:

Stitt, Klein, Daday, Aretos & Giampietro
121 S. Wilke Road, Suite 500
Arlington Heights, IL 60005
(847) 590-8700
(847) 590-9825 fax

Attorneys for Plaintiff EQUIVEST, LLC

11

121 S. Wilke Road, Suite 500
Arlington Heights, IL 60005
(847) 590-8700
(847) 590-9825 fax

Attorneys for Plaintiff EQUIVEST, LLC

## DECLARATION
(28 U.S.C. § 1746)

I, Frank Leonard Laport, do declare as follows:

1.      I am a member of the Plaintiff, Equivest, LLC.

2.      I have personal knowledge of the facts alleged in the foregoing Complaint, and declare, under penalty of perjury, that the facts alleged therein are true and correct.

3.      I have executed this Declaration on February 19, 2004.

_____
Frank Leonard Laport, Managing Member

–12–

# VILLAGE OF BRIDGEVIEW
7500 SOUTH OKETO AVENUE
BRIDGEVIEW, IL 60455
(708) 924-8030

## APPLICATION FOR ZONING HEARING
### (Please print or type)

Check all those which apply to this application:

Petition for:
| | | |
|---|---|---|
| Subdivision | | |
| Rezoning | | |
| Variation | | |
| Special Use/PUD | X | |

| | |
|---|---|
| Applicants's Name: | EquiVest, LLC |
| Address: | 7421 W. 100th Place |
| City, State, Zip Code: | Bridgeview, IL 60455-2442 |
| Telephone: | (708) 599-8000, Ext. 222        Fax No.  (773) 442-0946 |
| Property Owner's Name: | EquiVest, LLC, beneficiary of land trust number 8-9741 of Suburban Bank & Trust Company |
| Address: | 7421 W. 100th Place |
| City, State, Zip Code: | Bridgeview, IL 60455-2442 |

## DESCRIPTION OF PROPERTY

| | |
|---|---|
| Common Address: | 7421 W. 100th Place, Bridgeview, IL  60455-2442 |
| P.I.N. | 23-12-400-014-0000 |

Legal Description:

The North 215 feet of the East 200 feet of the following described parcel of land: the North 549.72 feet of the South 1717.0 feet of the West 400 feet of the East 2486.0 feet of the Southeast quarter (1/4) of Section 12, Township 37 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois.

---

Existing Zoning District:        I-2

*For Office Use Only*

| | |
|---|---|
| Date of Zoning Hearing: | 2-3-04 |
| Fee Amount Paid: | 650.00 |
| Date Paid: | 1-2-04 |
| Petition Granted: | |
| Petition Denied: | |

The following attachments, as applicable, must be submitted at the time of application (see attached explanation of document requirements). Failure to submit any required item will result in delay in the public hearing which will not be scheduled until all documents are submitted:

| | | | |
|---|---|---|---|
| X | Proof of Ownership | _____ | Land Trust Affidavit |
| X | Survey | _____ | Plat of Subdivision |
| _____ | Plat of Parking Spaces | | (Topographical survey of elevations and flow of surface water must be submitted per 765 ILCS 205/ 1) |

Describe briefly the nature of request:

To obtain a special use permit to allow an adult book, video and apparel store and an adult entertainment cabaret, which are

classified as an Adult Use pursuant to Section 14 of the Village of Bridgeview Zoning Ordinance, and a restaurant.

_____

_____

_____

_____

This application must be accompanied by payment of the application fee. The Applicant also agrees to be responsible for reasonable expenses of the Village Engineer and Village Planner incurred in the review of the application. No application will be approved by the Village until all fees have been paid in full.

State of Illinois      )
County of Cook      )

The Applicant hereby states that the matters set forth in this application are true and correct.

_____
(Signature of Applicant)

Subscribed and sworn to before
me this ___ *19 th* ___ day of

January, 2004.

_____
(Notary Public)

( Notary Seal )

"OFFICIAL SEAL."
Patricia Ann Herbig
Notary Public, State of Illinois 37317
My Commission Exp. 03/02/2006

VILLAGE OF BRIDGEVIEW                    ZONING ORDINANCE

## Section 14

### ADULT USES

14.0   Definitions
14.1   Location
14.2   Special Use Permit Required
14.3   Registration
14.4   Exterior Display
14.5   Existing Adult Uses

14.0   Definitions

(1)   Adult Bookstore:   An establishment having as a substantial or significant portion of its sales or stock in trade, books, magazines, films for rent, sale or for viewing on premises by use of motion picture devices or by coin operated means, and periodicals which are distinguished or characterized by their emphasis on matter depicting, describing or relating to "specified sexual activities," or "specified anatomical areas;" or an establishment with a segment or section devoted to the sale or display or such materials; or an establishment that holds itself out to the public as a purveyor of such materials based upon its signage, advertising, displays, actual sales, presence of video preview or coin operated booths, exclusion of minors from the establishment's premises or any other factors showing the establishment's primary purpose is to purvey such material.

(2)   Adult Entertainment Cabaret:   A public or private establishment which (i) features nude or semi-nude dancers, strippers, male or female impersonators; (ii) not infrequently features entertainers who display "specified anatomical areas"; or (iii) features entertainers who by reason of their appearance or conduct perform in a manner which is designated primarily to appeal to the prurient interest of the patron; or (iiii) entertainers who engage in or are engaged in explicit simulation of "specified sexual activities".

(3)   Adult Motion Picture Theater:   A building or area used for presenting materials distinguished or characterized by an emphasis on matter depicting, describing or relating to "specified sexual activities" or "specified anatomical areas" for observation by patrons therein.

(4)   Adult Use:   Adult bookstores, adult motion picture theaters, adult entertainment cabarets, and other similar uses.

Revised 3/20/96

14-1



VILLAGE OF BRIDGEVIEW                    ZONING ORDINANCE

(5)    "Specified Sexual Activities:        For the purpose of this section
"specified sexual activities" means:  (i)      human genitals in the state of sexual
stimulation or arousal;        (ii)      acts of human masturbation, sexual
intercourse or sodomy; and    (iii)     fondling or other erotic touching of human
genitals, pubic region, buttock or female breasts

(6)    "Specified Anatomical Areas":        For the purpose of this section,
"specified anatomical areas" means:

       (a)    less than completely and opaquely covered:        (i)      human
genitals, pubic region,        (ii)      buttock;      (iii)      female breasts below
a point immediately above the top of the areola; and

       (b)    human male genitals in a discernibly turgid state, even if
              completely and opaquely covered.

(7)    "Semi-Nude":        For the purpose of this section "semi-nude" means a
state of dress in which clothing covers no more than the human bare buttock,
anus, male genitals, female genitals, or female breast without a fully opaque
complete covering of the breast below a point immediately above the top of the
areola, or human male genitals in a discernibly turgid state even if completely and
opaquely covered.

**14.1   Location**

Adult uses may be allowed, upon obtaining a special use permit, in an I-1 or I-2
Industrial District provided that no adult use shall be located on a parcel, a lot line
of which is within 1,000 feet of any property which is zoned or used for
residences, churches, schools, parks or other adult use.

**14.2   Special Use Permit Required**

No adult use shall operate even at those locations where they may be allowed
pursuant to Section 14.1 above without first having obtained a Special Use Permit
in the manner set forth in Section 12.8, *et seq.* Final decisions as to any
application for a Special use Permit for an adult use shall be made in no less than
90 days. Upon denial of such application, the applicant shall seek judicial review
of such decision within 30 days in the manner provided by state law for review of
such zoning decisions.

Revised 3/20/96

VILLAGE OF BRIDGEVIEW ZONING ORDINANCE

14.3   Registration

The owner of a building or premises, his agent for the purposes of managing, controlling or collecting rents, or any other person managing or controlling a Building or premises any part of which contains an adult use, shall register the following information with the Village Clerk:

(1)   The address of the premises;

(2)   The name of the owner of the premises and names of the beneficial owners if the property is in a land trust;

(3)   The address of the owner and the beneficial owners;

(4)   The name of the business or establishment;

(5)   The name (s) and address (es) of the owner, beneficial owner or the major stockholders of the business or establishment;

(6)   The date of initiation of the adult use;

(7)   The nature of the adult use;

(8)   If the premises or building is leased, a copy of said lease must be attached.

14.4   Exterior Display

No adult use shall be conducted in any manner that permits the observation of any material depicting ,describing or relating to "specified sexual activities" or "specified anatomical areas" from any public way or from any property not registered as an adult use. This provision shall apply to any display, decoration, sign, show window or other opening.

14.5   Existing Adult Uses

Any adult use which existed lawfully, but which became nonconforming upon the adoption of this section to the Zoning Ordinance, may be continued as hereinafter provided:

Revised 3/20/96

VILLAGE OF BRIDGEVIEW          ZONING ORDINANCE

(a) Upon written notice from the Village to the owners or interests therein that any building, structure, lot or regulated use is nonconforming under the provisions of the Zoning Ordinance as amended, the owners or interests therein shall, within two months from the date of such notice, apply to the Village Clerk for a Certificate of Nonconformance.

(b) Failure to apply for a Certificate of Nonconformance within two months of the notice provided in Section (a) above will require the amortization of the nonconformance within six months of the notice provided for in Section (a).

(c) Nonconformances that have applied for a Certificate of Nonconformance from the Village Clerk shall be discontinued within one year of the notice provided in Section (a) above.

Revised 3/20/96

14-4

```
************************************
        VILLAGE OF BRIDGEVIEW
          7500 S. OKETO AVE
        BRIDGEVIEW,IL.  60455

TR# 11    REG# 04   OP# 6    01/02/2004
 01/02/2004                   10:47:16

SUBDIV/VARIATION
 ACCOUNT#: 01.310.3145
  FINANCE Receipt#: 183831
  7421 W 100 PL
  PAYOR: FRANK LEONARD LAPORT
                     AMT:        650.00
 Tendered
  CHECK: 1542                    650.00

 CHANGE:                            .00

  TOTAL:                         650.00

     A WELL BALANCED COMMUNITY
     -- THANK YOU VERY MUCH --
************************************
```

VILLAGE OF BRIDGEVIEW                                    ZONING ORDINANCE

12.8    **SPECIAL USE PERMITS.**

        12.81   This ordinance is based upon the division of the
                village into districts, within which the uses of
                land, and the uses and bulk of buildings and struc-
                tures, are substantially uniform.  It is recog-
                nized, however, that there are special uses which,
                because of their unique characteristics, can only
                be properly classified in any particular district
                or districts upon consideration in each case of the
                impact of those uses upon neighboring land and of
                the public need for the particular use at the
                particular location.  Such special uses fall into
                two categories:

                1.   Uses publicly operated or traditionally af-
                     fected with a public interest.

                2.   Uses entirely private in character, but of
                     such an unusual nature that their operation
                     may give rise to unique problems with respect
                     to their impact upon neighboring property,
                     public facilities or the village as a whole.

        12.82   **Authority.**  Special use permits may be granted by
                the Village Board, but only in accordance with the
                requirements hereinafter set forth.

        12.83   **Application and notice of hearing.**  An application
                for a special use permit shall be filed in tripli-
                cate with the Village Clerk, who shall forward a
                copy of the application to the Zoning Board of
                Appeals without delay.  The application shall be in
                such form, contain such information and be accompa-
                nied by such plans as the Zoning Board of Appeals
                may by rule require.  The Zoning Board of Appeals
                shall hold a public hearing on such application not
                more than sixty (60) days after its filing.  Notice
                of the time and place of such hearing shall be
                published at least once, not more than thirty (30)
                days nor less than fifteen (15) days before the
                hearing, in a newspaper of general circulation in
                the village.  The published notice may be supple-
                mented by such additional form of notice as the
                Board may provide by rule.

        12.84   **Report.**  Within sixty (60) days after the close of
                the hearing, unless the applicant shall have con-



sented to a longer period, the Zoning Board of
Appeals shall transmit to the Village Board a
written report giving its findings and recommenda-
tions for action to be taken by the Village Board
on the application. The report shall include any
recommended conditions or restrictions to be im-
posed upon the premises benefitted by the special
use permit.

**12.85**    **Standards.**  No special use permit may be granted
unless:

1.    The proposed use is designated by this ordi-
nance as a special use in the district in
which the use is to be located.

2.    The proposed use will comply with all applica-
ble regulations in the district in which the
use is to be located.

3.    The location and size of the proposed use, the
nature and intensity of the operation involved
in or conducted in connection with it, the
size of the site in relation to it and the
location of the site with respect to streets
giving access to it are such that it will be
in harmony with the appropriate and orderly
development of the district in which it is
located.

4.    The location, nature and height of buildings,
walls and fences, and the nature and extent of
the landscaping on the site are such that the
use will not unreasonably hinder or discourage
the appropriate development and use of adja-
cent land and buildings.

5.    Parking areas will be of adequate size for the
particular use, properly located and suitably
screened from adjoining uses, and the entrance
and exit drives will be laid out so as to
prevent traffic hazards and nuisances.

6.    The proposed use will not cause substantial
injury to the value of other property in the
neighborhood.

VILLAGE OF BRIDGEVIEW                                    ZONING ORDINANCE

7.  Conditions in the area have substantially
    changed, and at least one year has elapsed
    since any denial by the Village Board of any
    prior application for a special use permit
    that would have authorized substantially the
    same use of all or part of the site.

8.  Any special use creating or increasing the
    danger or risk of fire or explosion shall be
    granted only after the Village Board has
    received an opinion regarding the proposed
    special use from the Chief of the Fire Depart-
    ment.

    The Village Board shall impose such conditions
    and restrictions upon the premises benefitted
    by a special use permit as may be necessary to
    assure compliance with the above standards, to
    reduce or minimize the effect of such permit
    upon other properties in the neighborhood, and
    to better carry out the general intent of this
    ordinance. Failure to comply with such condi-
    tions or restrictions shall constitute a
    violation of this ordinance.

12.86   **Effective period.** No special use permit shall be
        valid for a period longer than one hundred eighty
        (180) days from the date it is granted unless a
        building permit or certificate of occupancy is
        obtained within such period and the erection or
        alteration of a building is started or the use is
        commenced within such period. The Village Board
        may grant one extension of this period, valid for
        no more than one hundred eighty (180) additional
        days, upon written application and good cause
        shown, without notice or hearing. If any special
        use is abandoned, or is discontinued for a continu-
        ous period of one year, the special use permit for
        such use shall become void, and such use shall not
        thereafter be re-established unless a new special
        use permit is obtained.

12.87   **Decisions.** The Village Board, upon report of the
        Zoning Board of Appeals and without further public
        hearing, may grant or deny any proposed special use
        in accordance with applicable statutes of the State
        of Illinois, or may refer it back to the Zoning
        Board of Appeals for further consideration.

12-19



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): Equivest, LLC, an Illinois Limited Liability Company** | **Defendant(s):THE VILLAGE OF BRIDGEVIEW, an Illinois Municipal Corporation, STEVEN M. LANDEK, WAYNE F. GRABINSKI, NORMA J. PINION, JAMES A. CECOTT and MICHAEL J. PTICEK,** |
| County of Residence: Cook | County of Residence: |
| Plaintiff's Atty: Wayne B. Giampietro, Stephen G. Daday, Michael G. Aretos Stitt, Klein, Daday, Aretos & Giampietro, LLC 121 S. Wilke Road, Suite 500, Arlington Heights, IL 60005 (847) 590 8700 | Defendant's Atty: |

# 04C 1308

II. Basis of Jurisdiction:          3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties
(Diversity Cases Only)

                    Plaintiff:- N/A

                    Defendant:- N/A

JUDGE NORDBERG

MAGISTRATE JUDGE LEVIN

IV. Origin :               1. Original Proceeding

V. Nature of Suit:         440 Other Civil Rights

VI.Cause of Action:        Suit for Declaratory, Injunctive and Monetary Relief for refusal of a municipality
                           and its officials to issue a special use permit to a business on unconstitutional
                           grounds. Suit is brought pursuant to 42 USC 1983.

VII. Requested in Complaint
              Class Action: **No**
              Dollar Demand: **$10,000,000**
              Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: February 19, 2004

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct,
print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser
display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

EQUIVEST, LLC., an Illinois
Limited Liability Company,
vs.          Plaintiff
THE VILLAGE OF BRIDGEVIEW, an Illinois
Mun Cor., STEVEN M. LANDEK, WAYNE F. GRABINSKI, NORMA J. PINION, JAMES A. CECOT and
MICHAEL J. PTICEK,          Defendants.

**04C** 

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

EQUIVEST, LLC., an Illinois Limited Liability Company

JUDGE NORDBERG

MAGISTRATE JUDGE LEVIN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME **WAYNE B. GIAMPIETRO** | NAME **STEPHEN G. DADAY** |
| FIRM **STITT, KLEIN, DADAY, AERTOS & GIAMPIETRO** | FIRM **STITT, KLEIN, DADAY, ARETOS & GIAMPIETRO** |
| STREET ADDRESS **121 S. WILKE, SUITE 500** | STREET ADDRESS **121 S. WILKE, SUITE 500** |
| CITY/STATE/ZIP **ARLINGOTN HEIGHTS, IL 60005** | CITY/STATE/ZIP **ARLINGTON HEIGHTS, IL 60005** |
| TELEPHONE NUMBER **847-590-8700** / FAX NUMBER **847-590-9825** | TELEPHONE NUMBER **847-590-8700** / FAX NUMBER **847-590-9825** |
| E-MAIL ADDRESS **wgiampietro@skdaglaw.com** | E-MAIL ADDRESS **sdaday@skdaglaw.com** |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) **0947776** | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) **3127015** |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME **MICHAEL G. ARETOS** | NAME |
| FIRM **STITT, KLEIN, DADAY, ARETOS & GIAMPIETRO** | FIRM |
| STREET ADDRESS **121 s. Wilke, Suite 500** | STREET ADDRESS |
| CITY/STATE/ZIP **Arlington Heights, IL 60005** | CITY/STATE/ZIP |
| TELEPHONE NUMBER **847-590-8700** / FAX NUMBER **847-590-9825** | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS **maretos@skdaglaw.com** | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) **62200044** | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |